UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNETTE RICHARDSON, *et al.* | ) |
| On behalf of themselves and all others similarly situated, | ) Civil No. 17-CV-9447 (JPO) |
| Plaintiffs, | ) |
| v. | ) CLASS ACTION |
| CITY OF NEW YORK, | ) |
| Defendant. | ) |

# PLAINTIFFS' LOCAL RULE 56.1 RESPONSES TO CITY'S STATEMENT OF FACTS AND STATEMENT OF ADDITIONAL MATERIAL FACTS

## Responses to City's Statement of Facts

Pursuant to Rule 56.1 of the Local Civil Rules of this Court, the above-captioned plaintiffs ("plaintiffs"), by their undersigned attorneys, respond as set forth below to the factual assertions made by the defendant, the City of New York, in its Rule 56.1 Statement.

**A.  Annette Richardson**

1. Plaintiff Annette Richardson was first employed by the FDNY in January 2006. Exhibit "A,"[1] Excerpt From The October 4, 2019 Deposition Transcript of Annette Richardson, at 14: 8-14.

   **Undisputed.**

2. Richardson retired from the FDNY on October 1, 2019. Exhibit "A," at 14:3-7.

---

[1] All exhibits are annexed to the May 26, 2020 Declaration of Yuval Rubinstein.

**Undisputed.**

3. When Richardson was asked if she had any interest in returning to work at the Fire Department, Richardson testified "no." Exhibit "A," at 183: 6-8.

**Undisputed**

4. When Richardson was asked if she had any interest in taking any other jobs, Richardson testified "no." Exhibit "A", at 183:9-11.

**Undisputed.**

**B.     Erica Richardson**

5. Plaintiff Erica Richardson testified that she recalled applying for a Substance Abuse Counselor position at the FDNY, which she "saw online." Exhibit "B," Excerpts From The September 13, 2019 Deposition of Erica Richardson, at 21:13-22:6.

**Undisputed.**

6. Richardson testified that she was interviewed for the Substance Abuse Counselor position in Staten Island, and that the interviewer, Tremaine Sayles, was African-American. Exhibit "B," at 23:1-24:18.

**The first part of the sentence through the phrase "in Staten Island," is undisputed; everything afterward is undisputed but immaterial.**

7. Richardson testified that after the interview she emailed Mr. Sayles, and was informed that a decision would be made within thirty days. Exhibit "B" at 25:2-27:5; Exhibit "C", January 2016 Email Chain.

**Undisputed.**

8. Richardson testified that she did not hear back from Mr. Sayles after receiving the January 28, 2016 email. Exhibit "B" at 27:6-7.

**Undisputed.**

9. Richardson testified that she applied for a Family Liaison position at the FDNY that she found after conducting an "[o]nline search with the City website," but was not selected for the position. Exhibit "B" at 30:23-32:8.

**Undisputed.**

10. Richardson testified that she applied for a Community Coordinator position but was not selected. Exhibit "B" at 32:9-33:20.

**Undisputed.**

11. Richardson testified that she applied for an Academy Administrator position at the FDNY after "[s]eeing it online as well," but was not selected for the position. Exhibit "B" at 33:21-34:18.

**Undisputed.**

12. Richardson testified that she does not recall taking any civil service examinations with the City of New York. Exhibit "B" at 51:12-14.

**Undisputed.**

13. Richardson has applied to take two competitive civil service examinations administered by the New York City Department of Citywide Administrative Services (DCAS): on September 14, 1992, Richardson applied to take Exam No. 1177 for the position of New York City Police Officer. On October 2, 2014, Richardson applied to take Exam No. 5001 for the position of Sanitation Worker. Exhibit "D," Declaration of Robert W. Alexander dated May 18, 2020, ¶4.

**Undisputed.**

14. DCAS's database does not show Richardson applying for any competitive civil service job title that is utilized by the FDNY. Exhibit "D," ¶5.

**Undisputed.**

C. **Dino Riojas**

15. The Amended Complaint alleges that plaintiff Dino Riojas "is a representative of the Employee Class and the Employee Compensation Subclass." Dkt. 55, April 25, 2019 Amended Complaint, ¶11.

**Undisputed.**

16. In response to an interrogatory asking Riojas to "[i]dentify each person employed by the FDNY who allegedly discriminated against plaintiff on the basis of race in hiring, job selection, promotion and/or demotion from 2004 to the present," Riojas answered that "Plaintiff has asserted only claims of discrimination in pay since 2004." Exhibit "E," Excerpt From Dion Riojas' Objections and Responses to Defendant's First Set of Interrogatories, dated January 17, 2019, at pp. 8-9.

**Undisputed.**

17. Riojas testified that he has not applied for any promotions at the FDNY since 1998 because "[m]y preference is to maintain my protection of the DC 37 union. As such a promotion to Computer System Manager, I would lose that protection." Exhibit "F," Excerpt From the August 30, 2019 Deposition of Dino Riojas, at 46:7-18.

**Undisputed.**

18. Riojas testified that he is only asserting claims of pay discrimination individually, but that he still seeks to represent the Employee Class. Exhibit "F" at 163:20-167:7.

**Undisputed.**

D. **Stephanie Thomas**

19. Stephanie Thomas retired from the FDNY effective February 1, 2020. Exhibit "G," City Human Resource Management System ("CHRMS") Employee Lookup for Stephanie Thomas.

**Undisputed.**

**E.     Debra Poe**

20. Debra Poe is currently on separation leave from the FDNY effective May 1, 2020. Exhibit "H," CHRMS Employee Lookup for Debra Poe.

**Undisputed.**

### Plaintiffs' Statement of Additional Material Facts

Plaintiffs assert the following additional facts material to the City's motion for summary judgment. Regardless whether the facts are undisputed, they reasonably give rise to inferences that are disputed and make it inappropriate to grant partial summary judgment in favor of Defendant to the extent set forth in Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment and to Strike the Amended Complaint's Disparate Impact Allegations.

**A.     Erica Richardson**

21. Only about one-third of the City's hires for FDNY come through the civil service certification process. The other two-thirds do not. Ex. 1 at 8 (Erath Rep.); Ex. 2 at 74:9-76:20 (Erath Tr.).

22. Under the civil service certification process, the City's Department of Citywide Administrative Services ("DCAS") ranks each candidate who passes a qualification test for certain "competitive" civil service positions. Ex. 3 at 43:19-45:8, 206:9-207:3 (Queenan Tr.).

23. For other "competitive" civil service positions, DCAS ranks candidates based on its evaluation of their education and experience. Ex. 3 at 15:7-16:20 (Queenan Tr.).

24. Regardless of the means of preparing the rankings, DCAS refers the top three not-yet-selected candidates, or if there are several persons with the same score as the third-ranked candidate the top three candidates and ties, to agencies seeking to fill a vacancy. Ex. 3 at 19:18-22 (Queenan Tr.).

25. If FDNY or another agency elects to fill a vacancy for which DCAS has a viable certified list, it must select one of the three (or more if there is a tie) DCAS-referred candidates from the list if it decides to fill the position. Ex. 3 at 44:2-45:17 (Queenan Tr.).

26. Some persons hired without use of certification lists are hired "provisionally." Provisional hires are made for positions subject to the certification process but for which there is no viable certified list at the time of hiring, often because lists expire after four years and DCAS has not offered a new test or otherwise created a new certified list. Ex. 3 at 10:7-11:18, 14:25-15:6, 33:9-34:18 (Queenan Tr.).

27. DCAS does not certify lists for other positions, which are called non-competitive, labor, and exempt. Ex. 3 at 24:3-26:5, 27:3-29:5 (Queenan Tr.).

28. There are relatively few labor and exempt positions at FDNY. Ex. 3 at 25:5-7, 27:9-28:22 (Queenan Tr.).

29. At least one of the positions for which Erica Richardson applied to FDNY, Community Coordinator, is an example of a non-competitive position for which DCAS does not prepare certified lists. Ex. 3 at 20:10-15 (Queenan Tr.); Ex. 4 at 96:3-97:11 (Rush Tr.).

30. FDNY posts competitive positions that it intends to fill provisionally, just as it posts non-competitive, labor, and exempt positions. Ex. 3 at 19:11-22, 25:5-16, 28:3-29:5 (Queenan Tr.).

31. Regardless of whether the FDNY fills competitive positions through certified lists or provisionally, or is filling a non-competitive, labor, or exempt position, FDNY interviews candidates. A high-level Human Resources ("HR") representative typically participates in the interviews. *Id.* at 65:15-67:12; Ex. 5, ¶ 23 (Germain Decl.). HR also typically prepares a set of questions to ask the candidates. Ex. 3, at 64:24-65:8 (Queenan Tr.).

32. Regardless of whether the FDNY fills competitive positions through certified lists or provisionally, or is filling a non-competitive, labor, or exempt position, after the interview the head of the hiring bureau tentatively selects a candidate and a recommended salary for the position. Ex. 4, at 69:21-74:22 (Rush Tr.).

33. A hiring recommendation from a bureau needs further approvals from the head of HR, the head of the Finance and Budget bureaus, and the Fire Commissioner or his delegate. Ex. 3 at 222:22-224:7 (Queenan Tr.); Ex. 6 at 106:10-13, 125:18-126:18 (Ferrandino Tr.); Ex. 7 at 124:3-134:11 (Loving Tr.).

34. The head of HR, the head of the Finance and Budget bureaus, and the Fire Commissioner or his delegate do not just rubber-stamp selections; they may and do reject or alter recommendations. Ex. 8 at 66:6-68:21 (Phillips Tr.); Ex. 4 at 86:24-87:16, 88:2-89:10, 95:18-100:25 (Rush Tr.).

35. After the head of HR, the head of the Finance and Budget bureaus, and the Fire Commissioner or his delegate decide to extend a hiring offer at a certain salary, the candidate is investigated by the Candidate Investigation Division ("CID"), an HR unit the leader of which reports to the head of HR. The CID may disqualify candidates from working for FDNY. Ex. 3 at 76:2-78:18 (Queenan Tr.).

36. Plaintiffs' statistical expert Dr. Charles Scherbaum has concluded that under this process FDNY has underhired African Americans both relative to the availability estimates used by DCAS and relative to other City agencies. Ex. 9 at 70-102 (Scherbaum Init. Rep.).

37. Ms. Richardson testified that she met the qualifications for each of the FDNY positions for which she applied. Ex. 10 at 21:10-22:20, 30:19-31:12, 32:9-33:4, 33:21-34:9 (Richardson Tr.).

38. Prior to her applications, Ms. Richardson had earned two Bachelor of Arts degrees, one in Psychology and the other in Recreation Administration with a specialization in Therapeutic Recreation. Ex. 10 at 11:20-13:7 (Richardson Tr.); Ex. 11 (Richardson Resume) (Ex. 10 to Richardson Dep.). She had over 20 years of work experience, most recently as a Recreation Specialist and Substance Abuse Counselor and previously in positions such as Assistant Manager and Counselor Associate. Ex. 10 at 15:21-20:14 (Richardson Tr.); Ex. 11 Richardson Resume.

39. The City has not submitted any evidence that Ms. Richardson was unqualified for any of the FDNY positions for which she applied.

40. Each of Ms. Richardson's applications to FDNY was made in 2016. Ex. 12 (Email exchange) (Ex. A to Richardson Dep.); Ex. 13 (List of job applications) (Ex. B to Richardson Dep.).

41. The City's Human Resources database reflects that FDNY hired a white employee in fiscal year 2017 as a substance abuse counselor for its Employee Assistance Program. Ex. 14, ¶ (Scherbaum Decl.); *see* ¶3¶ 5-8 above.

42. The City's Human Resources database reflects that FDNY hired a white employee in fiscal year 2017 as a family liaison for its Employee Assistance Program. Ex. 14, ¶ 4 (Scherbaum Decl.); *see* ¶ 9 above.

43. The City's Human Resources database reflects that FDNY hired two white, one Asian American, and one African American employee in fiscal year 2017 as community coordinators. Ex. 14, ¶ 5 (Scherbaum Decl.); *see* ¶ 10 above.

44. The City's Human Resources database does not reflect that FDNY hired any academy administrators in fiscal year 2017. Ex. 14, ¶ 6 (Scherbaum Decl.); *see* ¶ 11 above.

**B.    Debra Poe**

45. Debra Poe's pending retirement date is August 1, 2020. Until then, she has the right to return to active employment. Ex. 15, ¶ 2 (Poe Decl.); *see* ¶ 20 above.

Respectfully submitted,

/s/ Michael Lieder

| VALLI KANE & VAGNINI LLP | MEHRI & SKALET PLLC |
|---|---|
| Robert J. Valli, Jr. | Cyrus Mehri |
| Sara Wyn Kane | Michael D. Lieder |
| Matthew Berman | Aisha Rich (*pro hac vice* to be applied for) |
| 600 Old Country Road, Suite 300 | 1250 Connecticut Ave., NW, Suite 519 |
| Garden City, New York 11530 | Washington, DC 20036 |
| Telephone: (516) 203-7180 | Telephone: (202) 822-5100 |
| Facsimile: (516)706-0248 | Facsimile: (202) 822-4997 |
| rvalli@vkvlawyers.com | cmehri@findjustice.com |
| skane@vkvlawyers.com | mlieder@findjustice.com |
| mberman@vkvlawyers.com | arich@findjustice.com |

CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.