UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNETTE RICHARDSON, *et.al*,

Plaintiffs,

-against-

THE CITY OF NEW YORK,

Defendant.

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO STRIKE THE AMENDED COMPLAINT'S DISPARATE IMPACT CLASS ALLEGATIONS**

***JAMES E. JOHNSON***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Yuval Rubinstein*
*Tel: (212) 356-2467*
*Matter #: 2017-06659*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... iii

ARGUMENT

POINT I

PLAINTIFFS' TIMELINESS ARGUMENT IS
BASELESS ..................................................................................... 1

POINT II

PLAINTIFFS' DECISION TO SUBSTITUTE
"TWO PRACTICES NOT IDENTIFIED IN [THE]
AMENDED COMPLAINT" VIOLATES RULE 8
AND IS HIGHLY PREJUDICIAL .......................................................... 3

A. Plaintiffs' Waiver Argument Misapprehends
Affirmative Defenses And Completely Ignores
Rule 12(h) .......................................................................... 3

B. Plaintiffs Cannot Amend Their Disparate
Impact Claim By Fiat At The Class
Certification Stage ............................................................... 4

POINT III

ERICA RICHARDSON LACKS STANDING TO
REPRESENT THE REJECTED APPLICANT
CLASS ............................................................................................ 7

A. Plaintiffs' Opposition Reaffirms That The
Amended Complaint's Factual Allegations
Cover Only Civil Service Hiring ............................................ 7

B. *NECA* Remains The Law Of This Circuit, And
Richardson's Opposition Further Shows She
Does Not Share The "Same Set of Concerns"
As the Class ....................................................................... 8

POINT IV

DEBRA POE'S DECLARATION FAILS TO
RAISE A DISPUTED ISSUE OF FACT .................................................. 10

**Page**

CONCLUSION............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Pages**

*Agostini v. Felton*,
   521 U.S. 203 (1997)............................................................................................................8

*Anderson v. U.S. Hous. & Urban Dev.*,
   554 F.3d 525 (5th Cir. 2008) ............................................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................................5

*Bey v. City of New York*,
   No. 18-4655 (JBW), 2020 U.S. Dist. LEXIS 15958 (E.D.N.Y. Jan. 20, 2020) ...................6-7

*Blihovde v. St. Croix County*,
   219 F.R.D. 607 (W.D. Wisc. 2003) ...................................................................................2

*Blum v. Yaretsky*,
   457 U.S. 991 (1982)..........................................................................................................10

*In re Canon Cameras Litig.*,
   237 F.R.D. 357 (S.D.N.Y. 2006) .......................................................................................5

*Dallas County v. Merscorp, Inc.*,
   2012 U.S. Dist. LEXIS 176533 (N.D. Tex. Dec. 13, 2012) .................................................4

*Davis v. Conn. Dep't of Corr.*,
   169 F. Supp. 3d 311 (D.Conn. 2016)..................................................................................9

*Fedotov v. Peter T. Roach & Assocs., P.C.*,
   354 F. Supp. 2d 471 (S.D.N.Y. 2005)................................................................................2

*Fletcher v. ConvergEx Grp. LLC*,
   388 F. Supp. 3d 293 (S.D.N.Y. 2019)................................................................................8

*Gratz v. Bollinger*,
   539 U.S. 244 (2003)............................................................................................................9

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
   299 F. Supp. 3d 430 (S.D.N.Y. 2017)................................................................................3

*Motorola Credit Corp. v. Uzan*,
   561 F.3d 123 (2d Cir. 2009)................................................................................................1

**Cases**                                                                                                              **Pages**

*Mungo v. CUNA Mut. Ins. Soc'y*,
   2012 U.S. Dist. LEXIS 120845 (D.S.C. Aug. 24, 2012) ..........................................................4

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
   693 F.3d 145 (2d Cir. 2012)...........................................................................................8, 9

*Parker v. Columbia Pictures Industries*,
   204 F. 3d 326 (2d Cir. 2000)...............................................................................................1

*Patel v. Contemporary Classics of Beverly Hills*,
   259 F.3d 123 (2d Cir. 2001)...............................................................................................4

*In re Rawson Food Serv., Inc.*,
   846 F.2d 1343 (11th Cir. 1988) .........................................................................................3

*Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y.*
*Mellon*,
   775 F.3d 154 (2d Cir. 2014)...........................................................................................8, 9

*Simington v. Lease Fin. Group LLC*,
   No. 10-6052 (KBF), 2012 U.S. Dist. LEXIS 177505 (S.D.N.Y. Dec. 14, 2012)....................5

*Slattery v. Peerless Imps., Inc.*,
   No. 04-0275 (JG), 2005 U.S. Dist. LEXIS 12830 (E.D.N.Y. June 29, 2005) ..........................7

*Spagnola v. Chubb Corp.*,
   264 F.R.D. 76 (S.D.N.Y. 2010) .........................................................................................2

*Thompson v. Cty. of Franklin*,
   15 F.3d 245 (2d Cir. 1994)................................................................................................2

*Vinole v. Countrywide Home Loans, Inc.*,
   571 F.3d 935 (9th Cir. 2009) ............................................................................................2

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)..........................................................................................................6

*Wight v. BankAmerica Corp.*,
   219 F.3d 79 (2d Cir. 2000)................................................................................................2

*Zimmerman v. Burge*,
   No. 9:06-CV-0176 (GLS/GHL), 2007 U.S. Dist. LEXIS 105197
   (N.D.N.Y. Sept. 28, 2007) ................................................................................................5

**Statutes**                                                                                          **Pages**

Fed. R. Civ. Pro. 8.................................................................................................3, 5, 6

Fed. R. Civ. Pro. 8(c) ..................................................................................................4

Fed. R. Civ. Pro. 12 .....................................................................................................3

Fed. R. Civ. Pro. 12(b)(6) ............................................................................................4

Fed. R. Civ. Pro. 12(c) .................................................................................................4

Fed. R. Civ. Pro. 12(h) .............................................................................................3, 4

Fed. R. Civ. Pro. 12(h)(1) ............................................................................................4

Fed. R. Civ. Pro. 12(h)(2) ............................................................................................4

Fed. R. Civ. Pro. 15(a) .............................................................................................1, 5

Fed. R. Civ. Pro. 16(b)(4) ........................................................................................1, 2

Fed. R. Civ. Pro.  23 ........................................................................................2, 3, 4, 9

Fed. R. Civ. Pro. 23(a) .................................................................................................9

Fed. R. Civ. Pro. 23(a)(3) ............................................................................................8

Fed. R. Civ. Pro. 23(c)(1) ............................................................................................2

Fed. R. Civ. Pro. 23(d) .................................................................................................4

Fed. R. Civ. Pro. 23(d)(1)(D).....................................................................................3, 4

Local Rule 56.1 ............................................................................................................9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ANNETTE RICHARDSON, *et.al.*

                                        Plaintiffs,          Civil No. 17-CV-9447 (JPO)

                  -against-

CITY OF NEW YORK,

                                        Defendant.

-------------------------------------------------------------------- x

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO STRIKE THE AMENDED COMPLAINT'S DISPARATE IMPACT CLASS ALLEGATIONS**

## ARGUMENT

## POINT I

**PLAINTIFFS' TIMELINESS ARGUMENT IS BASELESS**

Plaintiffs complain that the issues in defendant's motion can only be raised "in opposition to the Class Motion" under the current Civil Case Management Plan ("CCMP") and that defendant cannot "increase" its allotted briefing. Pl. Memorandum in Opposition ("Opp.") at pp. 3-5. It is astounding that plaintiffs are even raising this complaint, as plaintiffs clearly violated the CCMP and lack "clean hands." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 128-29 (2d Cir. 2009).[1] Plaintiffs also concede that defendant's motion is meritorious as to Annette Richardson, Stephanie Thomas, and Dino Riojas. Opp. at p. 1, n.1.

---

[1] As discussed further below, plaintiffs are amending their disparate impact claim by fiat to add "two practices not identified in [the] Amended Complaint." Opp. at p. 18. The June 26, 2019 Amended CCMP set an August 26, 2019 deadline for further amendments (Dkt. 60, ¶4), while the November 27, 2019 Second Amended CCMP required "leave of the Court" to amend. Dkt. 66, ¶4. Yet plaintiffs never filed a proper motion under Rules 15(a) and 16(b)(4). *See Parker v. Columbia Pictures Industries*, 204 F. 3d 326, 340 (2d Cir. 2000).

In addition, plaintiffs' mistaken belief that they are "vest[ed]…with the exclusive right to put the class certification issue before the district court" is contrary to the overwhelming weight of authority. *Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935, 939-40 (9th Cir. 2009). It is well-settled that a "defendant may move for an order denying class certification." *Spagnola v. Chubb Corp*., 264 F.R.D. 76, 92 (S.D.N.Y. 2010)(quoting 5-23 Moore's Federal Practice 3d § 23.82); *Fedotov v. Peter T. Roach & Assocs., P.C*., 354 F. Supp. 2d 471, 478 (S.D.N.Y. 2005)(defendant's "preemptive strike" against class action was "properly before this court"); *Blihovde v. St. Croix County*, 219 F.R.D. 607, 612 (W.D. Wisc. 2003)("either party may ask the court to determine whether class certification is appropriate"). Although these cases interpret Rule 23(c)(1), the same principle applies here.

Defendant also has "good cause"[2] for filing its motion. Annette Richardson, Debra Poe, and Stephanie Thomas retired well after defendant filed its motion to dismiss in February 2018, and the standing issues involving Erica Richardson and Dino Riojas became apparent only during class discovery. Standing and mootness implicate the Court's subject matter jurisdiction, and it is "axiomatic that a lack of subject matter jurisdiction may be raised at any time[.]" *Wight v. BankAmerica Corp.,* 219 F.3d 79, 90 (2d Cir. 2000); *see also Thompson v. Cty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994)(court's "independent obligation to examine subject matter jurisdiction…extends to the prudential rules of standing")(internal citations and quotation omitted). In addition, standing and mootness are analytically distinct from Rule 23, and

---

Plaintiffs also served a purported "supplemental" expert report from Dr. Scherbaum on May 23, 2020, only three days before filing their class certification motion, and well after the May 1, 2020 close of expert discovery and depositions. Dkt. 70. Defendant was significantly prejudiced by these actions, whereas plaintiffs have not pointed to any prejudice resulting from defendant's May 26, 2020 motion.

[2] Defendant intended to use the briefing schedule already in place for plaintiffs' class certification motion, and did not believe the CCMP needed to be "modified" given the Court's prior cases permitting defendants to file their own motions under Rule 23. But to the extent a formal Rule 16(b)(4) motion was required, defendant sincerely apologies to the Court for this oversight.

plaintiffs' suggestion that these issues can *only* be addressed in opposition to their motion and not in a dispositive motion is meritless.

Defendant's Rule 23(d)(1)(D) motion to strike is also properly before the Court. Defendant heeded the Court's prior cases holding that motions to strike class allegations on the merits are disfavored at the pleadings stage. Dkt. 76 at p. 1, n.2. Plaintiffs claim defendant should have filed a motion to strike in 2018 anyway because it might not have been "futile." Opp. at p. 16. Yet plaintiffs *also* claim that "[e]arly motions to strike class allegations are strongly disfavored" unless they address matters distinct from class certification. *Id.* at p. 4. Plaintiffs' positions are not only contradictory, but suggest that defendant cannot move to strike class allegations on the merits *at all*. This position lacks any supporting authority, and would violate the Rules Enabling Act by exempting class allegations from Rule 12.

## POINT II

### PLAINTIFFS' DECISION TO SUBSTITUTE "TWO PRACTICES NOT IDENTIFIED IN [THE] AMENDED COMPLAINT" VIOLATES RULE 8 AND IS HIGHLY PREJUDICIAL

**A.    Plaintiffs' Waiver Argument Misapprehends Affirmative Defenses And Completely Ignores Rule 12(h)**

Plaintiffs claim defendant was obligated to plead as an affirmative defense that the Amended Complaint fails to sufficiently allege commonality, and thus waived this argument. Opp. at pp. 14-17. But plaintiffs misunderstand what constitutes an affirmative defense. An "affirmative defense raises matters extraneous to the plaintiff's *prima facie* case," whereas a "defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)(internal citation omitted); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 541 n.110 (S.D.N.Y. 2017)(flaw in expert's model is not affirmative defense, but goes to *prima facie*

case).[3] Because plaintiffs obviously carry the *prima facie* burden to establish commonality, there is no reason for defendant to plead that plaintiffs' class allegations do not satisfy Rule 23. *See Johnson v. Midland Credit Mgmt.*, 2006 U.S. Dist. LEXIS 3566, at *20 (N.D. Ohio Jan. 30, 2016)("As it is the plaintiffs' burden to demonstrate that a class should be certified[,] asserting that they cannot do so is not an affirmative defense[.]").

Plaintiffs also ignore Rule 12(h), which specifically addresses waiver. The sufficiency of plaintiffs' class allegations is clearly not a waivable defense under Rule 12(h)(1). *See Dallas County v. Merscorp, Inc.*, 2012 U.S. Dist. LEXIS 176533, at *12 (N.D. Tex. Dec. 13, 2012)(Rule 23(d) motion "is a proper means of asserting a party's objections to class certification even after a motion to dismiss has been filed" and is not waivable under Rule 12(h)(1)). In addition, Rule 23(d)(1)(D) motions are "analogous to the standard of review for motions brought pursuant to Rule 12(b)(6)." *Mungo v. CUNA Mut. Ins. Soc'y*, 2012 U.S. Dist. LEXIS 120845, at *12 (D.S.C. Aug. 24, 2012). Rule 12(h)(2) expressly states that a failure to state a claim can be raised in "any pleading" or under Rule 12(c).[4] *See also Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001)("the defense of failure to state a claim is not waivable" and may be raised "after the close of pleadings"). Accordingly, defendant's Rule 23(d)(1)(D) motion was not waived, and is timely.

## B. Plaintiffs Cannot Amend Their Disparate Impact Claim By Fiat At The Class Certification Stage

Defendant reasonably believed that plaintiffs would hew to the disparate impact claim alleged in the Amended Complaint when filing its May 26 motion. Plaintiffs argue, rather

---

[3] The cases plaintiffs cite raise classic affirmative defenses under Rule 8(c), such as collateral estoppel, or statutory affirmative defenses such as the "due diligence" defense under the Securities Act of 1933.

[4] Although defendant did plead as an affirmative defense that the Amended Complaint failed to state a claim, defendant's argument under Rule 23(d)(1)(D) is not waived even if defendant had not done so.

astonishingly, that defendant should have waited just a few hours more to learn that plaintiffs had "refine[d]" the practices comprising their disparate impact claim. Opp. at p. 17. Plaintiffs have now jettisoned the allegation that defendant failed to adopt "widely accepted human resource practices" (Dkt. 55, ¶¶91-98), and substitute "two practices *not identified in [the] Amended Complaint*" – the "separation" of the EEO and HR functions, and failure to adapt to civilians the measures used to recruit firefighters. *Id.* at p. 19 (emphasis added). Plaintiffs justify this eleventh-hour substitution by claiming they "now believe [the two practices] had a bigger impact than did the policies identified in the Complaint and Amended Complaint." Opp. at p. 19.

But plaintiffs' unilateral decision to "spring such a new theory of legal liability" at this stage is an inexcusable "affront to the principle of 'fair notice,' on which Rule 8…is premised." *Zimmerman v. Burge*, No. 9:06-CV-0176 (GLS/GHL), 2007 U.S. Dist. LEXIS 105197, *6 (N.D.N.Y. Sept. 28, 2007). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007), the Supreme Court noted there must be "some specificity in pleading before allowing a potentially massive factual controversy to proceed." (internal quotation omitted). Given the significant expense defendant has incurred in this "massive factual controversy," it is highly prejudicial for plaintiffs to amend their disparate impact claim by fiat without even filing a Rule 15(a) motion. The Court has previously rejected such tactics. *See Simington v. Lease Fin. Group LLC*, No. 10-6052 (KBF), 2012 U.S. Dist. LEXIS 177505, at *30 (S.D.N.Y. Dec. 14, 2012)("This Court cannot certify a class to litigate a claim not pled.")(citing *Anderson v. U.S. Hous. & Urban Dev.*, 554 F.3d 525, 529 (5th Cir. 2008)); *see also In re Canon Cameras Litig.*, 237 F.R.D. 357, 358 n.1 (S.D.N.Y. 2006).

Defendant is prejudiced in other ways besides the needless cost of litigating a disparate impact claim that plaintiffs have now tossed aside. Defendant's decisions throughout

class discovery, such as the questions asked of plaintiffs at their depositions, were shaped by the Amended Complaint's allegations concerning the "widely accepted human resources practices," and defendant could not foresee that plaintiffs would abandon these allegations and substitute a new claim. Defendant is therefore at a disadvantage both now and going into trial based upon plaintiffs' failure to provide "fair notice" of these two practices in their pleadings.

Even if plaintiffs' revamped disparate impact claim was properly before the Court, it is still deficient on its face. The two new "practices" plaintiffs introduce are not even facially neutral, and are "polic[ies] *against having* uniform employment practices" that are "just the opposite of a uniform employment practice that would provide the commonality needed for a class action." *Dukes*, 564 U.S. at 355 (emphasis in original). Dkt. 85 at pp. 26-27.

Plaintiffs also claim they have satisfied commonality under *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) because of the "centralization" of decision-making authority in "three individuals" – Steve Rush, Donay Queenan, and the Fire Commissioner. Opp. at pp. 17-18. Although the Amended Complaint did allege "the concentrated decision-making as an FDNY practice" (Opp. at p. 18), defendant and the Court understood this practice to involve disparate *treatment*, not disparate impact.

Indeed, plaintiffs' opposition to defendant's February 2018 motion to dismiss stated that allegations involving "the small number of almost exclusively white decision-makers" would "apply to the pattern or practice claims." Dkt. 17 at p. 15. The Court's analysis of plaintiffs' disparate impact claim in the September 28, 2018 Opinion and Order likewise focused solely on the four "widely accepted human resources practices" rather than the "concentrated decision-making." Dkt. 26 at pp. 21-22. Plaintiffs' attempt to recalibrate their disparate treatment claim as one of disparate impact also runs afoul of Rule 8. *See Bey v. City of New York*, No. 18-

4655 (JBW), 2020 U.S. Dist. LEXIS 15958, at *31 (E.D.N.Y. Jan. 20, 2020)(dismissing disparate impact claim where the "specific factual allegations are at bottom claims for disparate treatment only"); *Slattery v. Peerless Imps., Inc.*, No. 04-0275 (JG), 2005 U.S. Dist. LEXIS 12830, at *22 (E.D.N.Y. June 29, 2005)(dismissing disparate impact claim that "emerged for the first time" in summary judgment opposition).[5]

## POINT III

**ERICA RICHARDSON LACKS STANDING TO REPRESENT THE REJECTED APPLICANT CLASS**

### A. Plaintiffs' Opposition Reaffirms That The Amended Complaint's Factual Allegations Cover Only Civil Service Hiring

Defendant noted that the Amended Complaint focuses upon the competitive hiring process in which DCAS administers a civil service examination. Because Erica Richardson never took a DCAS examination for an FDNY title, she is not even a member of the Rejected Applicant Class, and thus lacks standing to represent the class. Dkt. 76 at pp. 7-8. Plaintiffs' opposition claims that the Amended Complaint's allegations covered all hiring at the FDNY, not merely hiring conducted through the DCAS examination process. Opp. at p. 6-7. But with one exception, the allegations that plaintiffs cite are entirely conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

The only factual, non-conclusory allegation plaintiffs rely upon is paragraph 41, which alleges that the FDNY "hires heavily" into positions for which DCAS has not administered a test, such as Community Coordinator. Opp. at p. 7. But plaintiffs' class

---

[5] Even if plaintiffs' allegations about "concentrated decision-making" are construed as a disparate impact claim, plaintiffs are still unable to establish that Queenan, Rush, and the Fire Commissioner implemented a discriminatory "common method of exercising discretion." Dkt. 85 at pp. 27-32.

certification motion makes no mention of this allegation, and focuses instead on the civil service hiring process overseen by DCAS. Dkt. 85 at p. 30. Plaintiffs should not be permitted to veer back and forth in this manner. In any case, defendant already addressed this allegation in its opening brief, noting that the only African-American identified is Liza Horsley, a current FDNY employee who is *not even a member of the Rejected Applicant Class*. Dkt. 76 at p. 8, n.4. Plaintiffs' inability to identify even *one* African-American rejected applicant in this paragraph speaks volumes.

**B.** *NECA* **Remains The Law Of This Circuit, And Richardson's Opposition Further Shows She Does Not Share The "Same Set of Concerns" As the Class**

Plaintiffs' opposition argues at length that the Court should not adhere to *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 160 (2d Cir. 2012) because it is "highly questionable" whether *NECA*'s class standing analysis is applicable. Opp. at pp. 9-11. The Court continues to apply *NECA*'s two-prong standard, *see Fletcher v. ConvergEx Grp. LLC*, 388 F. Supp. 3d 293, 297-298 (S.D.N.Y. 2019), and *NECA* remains the law of this Circuit unless and until the Second Circuit or Supreme Court say otherwise. *See Agostini v. Felton*, 521 U.S. 203, 238 (1997). It is particularly odd for plaintiffs to be criticizing *NECA* because, as plaintiffs correctly point out, many courts have criticized *NECA* for adopting an overly *lenient* interpretation of the Supreme Court's case law on standing.

Plaintiffs' other arguments fare no better.[6] Plaintiffs claim that *NECA* would render Rule 23(a)(3)'s typicality requirement "pointless surplusage." Opp. at p. 11. This argument is unavailing, as the Supreme Court's standing cases that *NECA* harmonizes remain good law. *See Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y.*

---

[6] Plaintiffs misconstrue defendant's point about prudential standing, which referenced the requirement that a plaintiff be a member of the class. Defendant did not assert that *NECA* raises prudential standing issues.

*Mellon*, 775 F.3d 154, 161 (2d Cir. 2014)("*NECA*'s two part test, *which derives from constitutional standing principles*, is…distinct from the criteria that govern whether a named plaintiff is an adequate class representative under Rule 23(a).")(emphasis added). Although the boundary between standing and Rule 23 is in some "tension," *NECA*, 693 F.3d at 160, *NECA* "rejected the plaintiff's argument that standing law had nothing to say about the plaintiff's ability to assert absent class members' claims[.]" *Ret. Bd*., 775 F.3d at 160.

In addition, plaintiffs assert that *NECA* has not been applied to employment cases. Opp. at p. 10-11. Defendant noted that the Equal Protection decision in *Gratz v. Bollinger*, 539 U.S. 244 (2003) further demonstrates why Richardson lacks class standing. Dkt. 76 at p. 11. In any case, *NECA* has been applied to employment discrimination cases. *See Davis v. Conn. Dep't of Corr.*, 169 F. Supp. 3d 311, 317-18 (D.Conn. 2016)(plaintiff lacked class standing to challenge the portions of physical fitness test other than portion that she failed).

Plaintiffs' attempt to distinguish *NECA* on the merits is wholly unconvincing. First, plaintiffs' bare assertion that "three individuals ultimately made the hiring decisions" in all cases (Opp. at p. 12) contradicts the record, as defendant demonstrates in its June 25, 2020 class certification opposition as well as the accompanying Reply Local Rule 56.1 Statement.[7] In addition, the declarations of Tricia Singh, Marie Giraud, and Don Nguyen demonstrated the marked differences between the civil service hiring process overseen by DCAS compared to the

---

[7] Plaintiffs' Statement of Additional Material Facts grossly misstates the record to align with plaintiffs' fictitious narrative about a "centralized" decision-making process overseen by Rush, Queenan, and the Fire Commissioner, a tactic that was similarly apparent in plaintiffs' class certification motion. To give just two examples: plaintiffs cite Queenan's deposition testimony to state that "HR also typically prepares a set of questions to ask the candidates," yet Queenan actually testified that HR only "reviewed questions." *See* Reply Local Rule 56.1 ¶31. Plaintiffs also cite Cecilia Loving's deposition testimony to state that "[a] hiring recommendation from a bureau needs further approvals from the head of HR, the head of the Finance and Budget bureaus, and the Fire Commissioner or his delegate," but Loving actually testified that the "person who is the supervisor of the potential candidate, they make the decision, the ultimate decision." *Id.* ¶33. Plaintiffs' attempt to establish standing for Richardson and certify a class by egregiously misrepresenting the record must be rejected.

hiring process using FDNY-generated vacancy notices. Exs. A, X, Z.  Plaintiffs themselves acknowledge this distinction. Opp. at p. 12. In short, Richardson lacks the "necessary stake in litigating conduct of another kind, although similar, to which [s]he has not been subject." *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982).

## POINT IV

### DEBRA POE'S DECLARATION FAILS TO RAISE A DISPUTED ISSUE OF FACT

Debra Poe admits in her declaration that "at this time I intend to fully retire" effective August 1, 2020, but claims "I *may* rescind my intention to retire at any time" before then. Dkt. 89-15, ¶3 (emphasis added). This statement is insufficient to raise a disputed issue of fact as to whether Poe actually intends to return to work prior to that date. Defendant, however, does not object to plaintiffs' intention to inform the Court after August 1 as to whether Poe "has retired or returned to FDNY." Opp. at p. 13, n.1.

## CONCLUSION

For the foregoing reasons and the reasons set forth in defendant's May 26, 2020 memorandum, defendant respectfully requests that the Court enter partial summary judgment against plaintiffs Annette Richardson, Erica Richardson, and Dino Riojas, strike the Amended Complaint's class allegations, and grant defendant costs and disbursements, together with such further other and further relief as the Court deems just and proper.

Dated:      New York, New York
            July 10, 2020

**JAMES E. JOHNSON**
Corporation Counsel of the
 City of New York
Attorney for Defendant
100 Church Street, Room 2-115
New York, New York 10007-2601
(212) 356-2467
By: _____/s/_____
         Yuval Rubinstein
         Assistant Corporation Counsel